UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re:                                              Chapter 11

HORSEHEAD INDUSTRIES, INC., *et al.,*     Case Nos. 02-14024 (SMB) through
                                                               02-14027 (SMB)

                              Debtors.        Jointly Administered
---------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 365 (A) AUTHORIZING SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS AT THE BALMAT MINE FACILITY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; AND (B) AUTHORIZING ASSUMPTION AND ASSIGNMENT TO PURCHASER OF CERTAIN EXECUTORY CONTRACTS

This Court having entered an order (the "Scheduling Order") dated May 7, 2003 scheduling (i) a hearing (the "Procedures Hearing") to consider the establishment of sale procedures and to approve a break-up fee and (ii) a hearing (the "Sale Hearing") to consider approval of the sale of certain of the assets of ZCA Mines, Inc. ("ZCAM" or the "Debtor"); and this Court having conducted the Procedures Hearing on May 15, 2003 and having entered a further order (the "Procedures Order") on May 16, 2003 approving a break-up fee and establishing sale procedures; and this Court having conducted the Sale Hearing and having considered the motion (the "Motion") filed by ZCAM for entry of an order (i) approving the sale of substantially all of ZCAM's assets at the Balmat Mine Facility (the "Property") to St. Lawrence Zinc Company ("St Lawrence") and (ii) authorizing the assumption and assignment to St. Lawrence of the executory contracts set forth in Exhibit "C" to the Motion; and ZCAM having demonstrated to the Court each of the matters found herein by good and sufficient evidence; and due notice having been provided; and all objections to the relief sought herein having been resolved as set forth herein, withdrawn or overruled, and such relief being

demonstrated to the satisfaction of this Court to be in the best interests of ZCAM, its estate and creditors; and after due deliberation and sufficient cause therefor,

IT IS HEREBY FOUND AND DETERMINED as follows:

A. On August 19, 2002, ZCAM, Horsehead Industries, Inc., d/b/a Zinc Corporation of America, Horsehead Resource Development Company, Inc. and Stoney Ridge Materials, Inc. each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court and an order for relief under section 301 of the Bankruptcy Code was entered in their cases. ZCAM continues to manage its property as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

B. This Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334. Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A),(N) and (O). Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. On or about May 2, 2003, ZCAM entered into an asset purchase agreement**, as amended and dated June 10, 2003** [SMB 6/10/03] (the "Agreement") whereby it agreed to sell to St. Lawrence the Property and to assume and assign to St. Lawrence the Executory Contracts.[1]

D. ZCAM has duly and properly given notice of the transactions contemplated by the Agreement as required by the Scheduling Order and the Procedures Order.

E. In accordance with sections 363(b) and (f) of the Bankruptcy Code and applicable law as set forth in the Motion, and based upon arguments of counsel at the Sale Hearing, ZCAM has advanced good business reasons for entering into the Agreement.

---

[1] Defined terms used but not otherwise defined herein shall have the meanings ascribed in the Motion and in the Agreement.

F. A reasonable opportunity to object or be heard regarding the relief requested in the Motion, and to make higher or better offers to purchase the Property, has been provided. St. Lawrence was the successful bidder for the Property, having submitted the highest or best bid (the "Purchaser").

G. The transactions contemplated by the Agreement have been negotiated in good faith, and the parties to the Agreement have acted in good faith.

H. All of the transactions contemplated by the Agreement are in the best interests of ZCAM, its creditors and its estate.

I. The Agreement is the result of arm's length bargaining by the parties thereto and constitutes the highest or best offer for the sale of the Property and the Purchaser is entitled to the protection of a good faith purchaser pursuant to section 363(m) of the Bankruptcy Code.

J. ZCAM has the legal power and authority to convey all the rights, title and interest of ZCAM in and to the Property.

K. ZCAM has good and marketable title to or a valid and enforceable interest in all of the Property.

L. St. Lawrence does not constitute a successor to the Debtor or its estate and nothing in the Agreement or the transactions contemplated thereby amount to a consolidation, merger or de facto merger of St. Lawrence and ZCAM or its estate.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Motion is granted and all objections to the Motion which have not been resolved or withdrawn are hereby overruled.

2. The Agreement is approved by this Court. ZCAM is hereby authorized and directed to take all steps necessary or appropriate to carry out the terms and intent of the Agreement, including, without limitation, the sale and transfer of the Property to the Purchaser and to execute and deliver all documents necessary to effectuate the terms and conditions of the Agreement.

3. Assumption by ZCAM, and assignment to the Purchaser, of the Executory Contracts set forth in Exhibit "C" to the Motion is hereby approved pursuant to section 365 of the Bankruptcy Code notwithstanding any restrictions on assignment contained in such Agreements. As of the Closing, the Buyer shall assume responsibility for the cure payments due under 11 U.S.C. §365(b) as a condition to the assumption and assignment of the Executory Contracts. The cure amounts as set forth on Exhibit "C" to the Motion constitute all of the cure amounts that ZCAM shall be required to pay. The Purchaser has demonstrated its ability to perform under each of the Agreements.

4. Pursuant to 11 U.S.C. §363(f), the sale pursuant to this Order will vest the Purchaser with good title to the Property, of whatever kind or nature or wherever located, free and clear of any and all liens and claims (other than Permitted Liens), which liens and claims shall transfer, affix and attach to the proceeds of the sale with the same force, validity, priority and effect as they now may have, but only to the extent that any such liens do not secure Assumed Liabilities or constitute Permitted Liens. All persons purporting to hold, or holding any liens and claims (other than Permitted Liens) with respect to the Property shall be, and they hereby are, forever enjoined and barred from asserting such liens and claims against the Purchaser.

5. Unless a plan **of reorganization** [SMB 6/10/03] provides otherwise, any net cash proceeds from the sale of the Property, whenever such proceeds may arise, shall be applied pursuant to the terms of the Debtors' Postpetition Credit Agreement dated as of December 27, 2002 among JPMorgan Chase Bank, as a lender and administrative agent, Horsehead Industries, Inc. and the Lenders party thereto, as may be amended, modified, supplemented or restated from time to time, so long as any obligations thereunder remain outstanding.

6. The sale of the Property hereunder does not and will not subject the Purchaser to any liability by reason of such transfer under the laws of the United States, any state, territory or possession thereof or the District of Columbia based, in whole or in part, directly or indirectly, on any theory of law, including, without limitation, any theory of successor or transferee liability or any liability for the pre- or post-petition claims against ZCAM. Each creditor of ZCAM is hereby barred and enjoined from the commencement or continuation of any action, the employment of process, or any act, to collect, recover or offset any claim against the Purchaser.

7. ZCAM is authorized to execute such documents and do such things as may be necessary and appropriate to effect, implement, and consummate the Agreement.

8. The provisions of this Order authorizing the sale of the Property free and clear of liens, claims and encumbrances shall be self-executing, and neither ZCAM nor the Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the foregoing provisions except to the extent provided in the Agreement.

9. The Purchaser is hereby determined to be a good faith purchaser under section 363(m) of the Bankruptcy Code in connection with the Agreement, and shall be entitled to the protections afforded to a good faith purchaser under that section.

10. The Buyer shall pay any and all sales, real property and other transfer, conveyance and other similar taxes imposed under any Applicable Law with respect to the purchase and sale of the Property.

11. This Order is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, title agents, recorders of documents, administrative agencies, governmental departments, secretaries of state, federal, state, territorial and local officials, and all the persons and entities who may be required by operation of law, and the duties of their office, to accept, file, register or otherwise record or release any documents or instruments.

12. Any findings of fact set forth in this Order shall be deemed a conclusion of law incorporated by reference in these conclusions of law as though fully set forth herein.

13. The failure to specifically include any particular provisions of the Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

14. This Court shall retain jurisdiction to enforce the provisions of the Agreement and this Sale Order in all respects.

Dated: June 10, 2003

/s/ Stuart M. Bernstein_____
Stuart M. Bernstein
Chief United States Bankruptcy Judge