UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

In re

HH LIQUIDATING CORP., *et al.,* f/k/a
HORSEHEAD INDUSTRIES, INC., *et al.*

        Debtors.

---------------------------------------------------------x

Chapter 11

Case Nos.  02-14024 (SMB) through
           02-14027 (SMB)

(Jointly Administered)

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER
SECTIONS 1129(a) AND (b) OF THE BANKRUPTCY CODE AND RULE 3020
OF THE BANKRUPTCY RULES CONFIRMING MODIFIED THIRD
AMENDED JOINT CONSOLIDATED PLAN OF LIQUIDATION OF HH
LIQUIDATING CORP., *et al.* f/k/a HORSEHEAD INDUSTRIES, INC., *et al.*,
<u>UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE</u>**

## <u>RECITALS</u>

A.      On August 19, 2002 (the "Petition Date"), HH Liquidating Corp. f/k/a Horsehead

Industries, Inc., HRD Liquidating Corp. f/k/a Horsehead Resource Development Company, Inc.,

ZCA Liquidating Corp., f/k/a as ZCA Mines, Inc. and SRM Liquidating Corp. f/k/a Stoney

Ridge Materials, Inc. (collectively, the "Debtors') each filed a petition for relief under chapter 11

of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy

Court for the Southern District of New York (the "Court").

B.      An Official Committee of Unsecured Creditors (the "Committee") was appointed

in these Chapter 11 Cases by the Office of the United States Trustee (the "U.S. Trustee") on

August 28, 2002 (*Docket No. 33*).  As more fully described in Article V(B) of the Disclosure

Statement, the membership of the Committee has changed during the course of these Chapter 11

Cases.

C.     The Debtors have filed a Modified Third Amended Joint Consolidated Plan of Liquidation of HH Liquidating Corp., Inc., *et. al.*, Under Chapter 11 of the Bankruptcy Code dated June 9, 2010 (the "Plan")[1] and a Modified Second Amended Disclosure Statement with Respect to the Third Amended Joint Consolidated Plan of Liquidation of HH Liquidating Corp., et al. f/k/a Horsehead Industries, Inc., et al., Under Chapter 11 of the United States Bankruptcy Code, dated June 9, 2010 (the "Disclosure Statement").  Notice of the hearing to approve the Disclosure Statement and the last day for filing objections to the Disclosure Statement was served on April 16, 2010, by either overnight delivery, e-mail or first class mail, postage prepaid, to all of the Debtors' known creditors, equity security holders and the Office of the United States Trustee, and an affidavit of service confirming such notice was filed with the Court (*Docket No. 1108*).

D.     On July 9, 2010, this Court entered an amended order (the "Disclosure Statement Order") (*Docket No. 1127*) (i) approving the Disclosure Statement and related solicitation materials, (ii) establishing solicitation, voting and tabulation procedures and deadlines, (iii) scheduling a hearing to consider confirmation ("Confirmation") of the Plan (the "Confirmation Hearing"), (iv) establishing deadlines and procedures for filing objections to confirmation of the Plan, and (v) approving the form and manner of notice of the Confirmation Hearing.

E.     On July 16, 2010, as evidenced by Affidavit of Service of Christine Azzaro dated July 20, 2010, (the "Affidavit of Service"), the Debtors caused the timely mailing to all known creditors and equity security holders of the Debtors of an information and solicitation package (the "Solicitation Package") consisting of (i) the Disclosure Statement, (ii) the Plan (furnished in

---

[1]  Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Plan.  Any capitalized term used in the Plan or in this Confirmation Order that is not defined in the Plan or in this Confirmation Order, but that is used in the Bankruptcy Code, or in the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules, as the case may be.

2

the Solicitation Package as an exhibit to the Disclosure Statement), (iii) the Disclosure Statement Order (furnished in the Solicitation Package as an exhibit to the Disclosure Statement), (iv) the Confirmation Hearing Notice; and (v) a letter from the Committee in support of the Plan to all of the Debtors' known creditors, equity security holders and the U.S. Trustee.  With respect to those creditors and equity holders with claims or equity interests in a Class entitled to vote on the Plan, the Debtors also included ballot forms in the form approved by the Court in the Disclosure Statement Order (the "Ballots"), according to Class, in the Solicitation Package and, if applicable, an Administrative Expense Claim Consent Form or a Priority Claim Consent Form.

F.     The Solicitation Package was transmitted and served in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order, as evidenced by the Affidavit of Service.

G.     Adequate and sufficient notice of the Confirmation Hearing and other requirements and deadlines, hearings and matters described in the Disclosure Statement Order was provided in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order. No other or further notice of the Confirmation Hearing was or is required.

H.     The Disclosure Statement Order established (i) July 8, 2010, the date of entry of the Disclosure Statement Order, as the record date (the "Record Date") for determining which creditors were entitled to vote to accept or reject the Plan and (ii) 5:00 p.m. (prevailing Eastern Time) on August 24, 2010 as the voting deadline to return completed Ballots to the Balloting Agent.

I.     On August 27, 2010, the Debtors caused to be filed the declaration of Bridget Gallerie of Epiq, LLC, the Debtors' claims agent, Certifying the Ballots Accepting or Rejecting

the Plan, attesting to and certifying the method and results of the ballot tabulation for the Classes of Claims and Equity Interests voting to accept or reject the Plan (the "Voting Declaration") (*Docket No. 1131*). As evidenced by the Voting Declaration, Ballots were tabulated in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order.

J. The Disclosure Statement Order also established August 24, 2010 as the deadline to object to Confirmation of the Plan. In addition to discussions among the Committee, the Debtors and the Office of the United States Trustee which resulted in the Administrative Expense Claim Distribution Method (hereafter defined), the following objections to confirmation of the Plan have been filed and resolved and are hereby deemed withdrawn: (1) Objection of the Pension Benefit Guaranty Corporation to Debtors' Motion for Entry of an Order Approving Proposed First Amended Disclosure Statement (*Docket No. 1115*) and the Precautionary Objection to Confirmation of the Pension Benefit Guaranty Corporation (*Docket No. 1130*) (collectively, the "PBGC Objection") (2) Objection of Glencore Ltd. to First Amended Disclosure Statement with respect to the First Amended Joint Consolidated Plan of Liquidation of HH Liquidating Corp., *et* al., f/k/a Horsehead Industries, Inc., *et* al., under Chapter 11 of the United States Bankruptcy Code (*Docket No. 1116*) (the "Glencore Objection") and (3) Objection of the State of Michigan, Department of Treasury to Debtors' Second Amended Plan of Liquidation (*Docket No. 1169*) which has since been formally withdrawn (*Docket No. 1177*). All unresolved objections, statements and purported reservation of rights are overruled on the merits.

K. On March 11, 2011, the Debtors submitted the Affidavit of Ronald J. Statile (the "Statile Affidavit) and a memorandum of law (the "Memorandum of Law") in support of confirmation of the Plan.

L.     The Confirmation Hearing was held on March 15, 2011 at 10:00 a.m.

NOW, THEREFORE, this Court having reviewed and considered the Disclosure Statement, the Plan, and the documents contained therein, the Memorandum of Law, the Statile Affidavit, the Affidavits of Service and the Voting Declaration; this Court having heard statements of counsel in support of confirmation of the Plan at the Confirmation Hearing; this Court having considered all testimony presented or adduced, and evidence admitted at the Confirmation Hearing; this Court having taken judicial notice of the papers and pleadings on file in these Chapter 11 Cases; it appearing to this Court that notice of the Confirmation Hearing was adequate, sufficient, and appropriate as to all parties to be affected by the Plan and the transactions contemplated thereby; and the legal and factual basis presented at the Confirmation Hearing establish just cause for the relief granted herein; and after due deliberation thereon, and good cause appearing therefore, this Court hereby makes and issues the following Findings of Fact, Conclusions of Law, and Orders:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW[2]

IT IS HEREBY FOUND AND DETERMINED THAT:

A.     Exclusive Jurisdiction; Venue, Core Proceeding (28 U.S.C. §§ 157, 1334(a), 1408 and 1409). This Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. §§ 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code, should be confirmed and enter a final order with respect to such matters.

---

[2]  The findings and conclusions set forth herein and on the record of the Confirmation Hearing constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure made applicable herein by Bankruptcy Rules 7052 and 9014. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

HF 6003809v.11 #12807/0001

B.     The Administrative Expense Claim Distribution Method. At the request of the Office of the United States Trustee and in consultation with the Committee, the Debtors have agreed to revise the method by which distributions to holders of Allowed Administrative Expense Claims are made (the "Administrative Expense Claim Distribution Method") such that each holder of an Allowed Administrative Expense Claim that has not yet received 80% of its Allowed Administrative Expense Claim shall receive cash, on the Effective Date or as reasonably practicable thereafter, in an amount that would result in such claimant receiving 80% of its Allowed Administrative Expense Claim.  Thereafter, holders of Allowed Administrative Expense Claims shall receive cash distributions equal to their Pro Rata Share.[3]

C.     The PBGC Objection Resolution.  On May 13, 2010 and August 28, 2010, the PBGC filed the PBGC Objection.  The PBGC Objection is hereby deemed withdrawn on consent of the PBGC and the PBGC shall have an allowed Administrative Expense Claim in the amount of $125,000 and an Allowed Class 2 Claim in the amount of $12,903,532 (the "PBGC Settlement").  The PBGC shall receive distributions on account of its Allowed Administrative Expense Claim pursuant to the Administrative Expense Claim Distribution Method.

D.     The Glencore Objection Resolution.   On May 14, 2010, Glencore, Ltd. ("Glencore") filed the Glencore Objection.   The Glencore Objection is hereby deemed withdrawn on consent of Glencore and, in settlement of the Glencore Objection, it, along with all other holders of Allowed Administrative Expense Claims shall receive distributions according to the Administrative Expense Claim Distribution Method.

---

[3]   Distributions made on account of that part of the Administrative Expense Claim of Blackstone L.P. ("Blackstone") that pertains to an asserted "Restructuring Fee" (the "Restructuring Fee Claim") shall not be made in accordance with the Administrative Expense Claim Distribution Method.  Rather, Blackstone shall only receive a distribution on account of its Restructuring Fee Claim, on a Pro Rata basis, once all other holders of Allowed Administrative Expense Claims have been paid 80% of their claims.  As contemplated in the Plan, all professional fees are subject to final applications to the Court.

HF 6003809v.11 #12807/0001

E.    <u>Eligibility for Relief</u>.  The Debtors were, and are, entities eligible for relief under Bankruptcy Code section 109.

F.    <u>Burden of Proof</u>.  The Debtors, as proponents of the Plan, have met their burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence.

G.    <u>Transmittal and Mailing of Materials, Notice</u>.  The Solicitation Package was transmitted and served in compliance with the Disclosure Statement and Disclosure Statement Order and the Bankruptcy Rules, and such transmittal and service were adequate and sufficient. Adequate and sufficient notice of the Confirmation Hearing and the other dates and hearings described in the Disclosure Statement and Disclosure Statement Order was given in compliance with the Disclosure Statement and Disclosure Statement Order, and no other or further notice is or shall be required.

H.    <u>Plan Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.  As set forth below, the Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code as well as sections 1122 and 1123.

I.    <u>Proper Classification of Claims and Interests (11 U.S.C. §§ 1122, 1123(a)(1))</u>. The Plan designates 3 Classes of Claims and Equity Interests.  The Claims or Equity Interests placed in each Class are substantially similar to other Claims or Equity Interests, as the case may be, in such Class.  Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan, and such classification does not unfairly discriminate among holders of Claims or Equity Interests.  Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

HF 6003809v.11 #12807/0001

J.      Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2)).  Article IV of the Plan specifies that Class 1 (Secured Claims) of the Plan is unimpaired.  Article V of the Plan specifies that Classes 2 and 3 of the Plan are impaired, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

K.      Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).  Articles V and VI of the Plan designate Classes 2 and 3 as impaired and specify the treatment of Claims and Equity Interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

L.      Equal Treatment Within Classes (11 U.S.C. § 1123(a)(4)).  The Plan provides for the same treatment by the Debtors for each Claim or Equity Interest in a particular Class unless the holder of a particular Claim or Equity Interest in such Class has agreed to a less favorable treatment of its Claim or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

M.      Implementation of Plan (11 U.S.C. § 1123(a)(5)).  The Plan provides adequate and proper means for implementation of the Plan through the establishment of the Liquidation Trust, the transfer of all of the Debtors' right, title, and interest in and to all of the Liquidation Trust Assets, including, without limitation, all of the Debtors' assets, powers, rights, duties, claims and causes of action, including those necessary to commence and prosecute actions under Article V of the Bankruptcy Code to the Liquidation Trust, and the distribution of Cash to holders of certain Allowed Claims by the Liquidation Trust.  Therefore, the Plan thereby satisfies section 1123(a)(5) of the Bankruptcy Code.

N.      Substantive Consolidation.  The Plan provides for substantive consolidation of the Debtors' Estates. For the reasons set forth in the Memorandum of Law and the Statile Affidavit

and as described in the Disclosure Statement, substantive consolidation is warranted and appropriate in these Chapter 11 Cases and the cases are hereby deemed substantively consolidated as described in the Plan.

O.    Voting Power of Equity Securities (11 U.S.C. § 1123(a)(6)).  Section 1123(a)(6) is inapplicable because the Plan provides for the transfer of all of the Debtors' assets to the Liquidation Trust.

P.    Selection of Officers and Directors (11 U.S.C. § 1123(a)(7); § 1129(a)(5)). EisnerAmper LLP has been selected as the Liquidation Trustee of the Liquidation Trust and the engagement shall be led by Joseph Myers.  Immediately after the Effective Date, all officers and directors of the Debtors shall be deemed to have resigned.  The Liquidation Trustee may retain Mr. Statile subsequent to the Effective Date and may hire counsel on behalf of the Liquidation Trust.  The Plan therefore complies with section 1123(a)(7) of the Bankruptcy Code, as appropriate for a liquidating plan, in a manner consistent with the interest of creditors and equity security holders and public policy.

Q.    Transfer of Causes of Action to Liquidation Trust.  Pursuant to section 1123(b)(3) of the Bankruptcy Code, except as otherwise provided in the Plan or this Confirmation Order, after the transfer of the Liquidation Trust Assets to the Liquidation Trust pursuant to Article VII of the Plan, the Liquidation Trust (and to the extent retained by the Liquidation Trust to perform such work, any other Person) will have the right to enforce any and all causes of action, including but not limited to, Avoidance Actions (if any), against any entity and rights of the Debtors that arose before or after the Petition Date, including but not limited to the rights and powers of a trustee and debtor in possession.

HF 6003809v.11 #12807/0001

R.    Rule 3016(a) of the Bankruptcy Rules.  The Plan is dated and identifies the entity submitting it, thereby satisfying Rule 3016(a) of the Bankruptcy Rules.  The filing of the Disclosure Statement with the Clerk of the Court satisfies Bankruptcy Rule 3016(b).

S.    Debtors' Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(2)).  The Debtors have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.  Specifically:

(i)    the Debtors are proper debtors under section 109 of the Bankruptcy Code and proper proponents of the Plan under section 1121(a) of the Bankruptcy Code;

(ii)    the Debtors have complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court.

(iii)    the Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order in transmitting the Confirmation Hearing Notice and the Solicitation Package and in soliciting and tabulating votes on the Plan.

T.    Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).  The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Cases and the formulation of the Plan.  The Chapter 11 Cases were filed with the purpose of reorganizing the Debtors by reducing their debt burden, and the Plan and the other Plan Documents were formulated as a result of extensive, arms-length negotiations, among the Debtors and the Committee, and their respective counsel.  The Plan reflects the results of these negotiations and serves the interests of all of the Estates' constituencies with the purpose of expeditiously making distributions to the Debtors' creditors.

HF 6003809v.11 #12807/0001

U.     <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>.   Any payment made or to be made by the Debtors (or, if authorized by prior orders of this Court, by third parties) for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Plan and incident to these Chapter 11 Cases, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

V.     <u>Section 1129(a)(5)—Disclosure of Identity of Proposed Management, Compensation of Insiders and Consistency of Management Proposals with the Interests of Creditors and Public Policy</u>.   Section 7.04 of the Plan provides for the formation of the Liquidation Trust. The Liquidation Trustee shall be EisnerAmper LLP. The Liquidation Trustee has ample liquidation experience and was chosen by the Committee after consultation with the Debtors. The Liquidation Trust may retain, on terms to be negotiated, the Debtors' current liquidation officer, Ronald J. Statile to assist it in performing its duties. The appointment of the Liquidation Trustee is consistent with the interests of holders of Claims and Equity Interests and with public policy. The Plan therefore complies with section 1129(a)(5) of the Bankruptcy Code.

W.     <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>. The Debtors' prices are not subject to governmental regulation. Thus, section 1129(a)(6) of the Bankruptcy Code is not applicable in these Chapter 11 Cases.

X.     <u>Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7))</u>. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The Plan provides that each holder of a claim or interest in an impaired class shall have either accepted the Plan or will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date of the Plan,

HF 6003809v.11 #12807/0001

that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated under chapter 7 of title 11 of the United States Code on such date. The Court finds that each holder of a claim or interest in an impaired class will receive a distribution on account of such claim or interest that is not less than such holder would receive or retain if the Debtors were liquidated in a chapter 7 bankruptcy setting.

Y. <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>. Class 2 has voted to accept the Plan. As set forth in the Voting Declaration, the percentages of Holders of Claims in Class 2 which were entitled to vote on the Plan and that voted to accept or reject the Plan are as follows:

| Impaired Class of Claims | Percentage Accepting (Dollar Amount) | Percentage Accepting (Number of Claims) | Percentage Rejecting (Dollar Amount) | Percentage Rejecting (Number of Claims) |
|---|---|---|---|---|
| Class 2 (General Unsecured Claims) | 99.67 % | 98.28% | 0.33% | 1.72% |
| | ($7,737,267.45) | (229) | ($25,929.48) | (4) |

Class 1 (Secured Claims) is unimpaired under the Plan. Class 3 (Equity Interests in the Debtors) shall receive no Distributions under the Plan and, pursuant to section 1126(g) of the Bankruptcy Code, the class is deemed not to have accepted the Plan.

Z. <u>Treatment of Administrative Expense Claims (11 U.S.C. § 1129(a)(9))</u>. The Plan's treatment, as revised by the Administrative Expense Claim Distribution Method, of Allowed Administrative Expense Claims satisfies the requirements of section 1129(a)(9)(A) of the Bankruptcy Code. Holders of Administrative Expense Claims who have affirmatively accepted the treatment as set forth in the Plan shall receive distributions on account of their Allowed Administrative Expense Claims pursuant to the Administrative Expense Claims Distribution Method. Holders of Allowed Administrative Expense Claims who did not consent

HF 6003809v.11 #12807/0001

to the treatment set forth in the Plan ("Non-Consenting Administrative Holders") shall receive a Cash distribution, equal to the full amount of their Allowed Administrative Expense Claim in accordance with section 1129(a)(9) of the Bankruptcy Code, on the Effective Date or as reasonably practicable thereafter.

AA.    Treatment of Priority Claims (11 U.S.C. § 1129(a)(9)).    The Plan's treatment of Allowed Priority Claims satisfies the requirements of sections 1129(a)(9)(B) and (C) of the Bankruptcy Code.  Section 2.04 of the Plan provides for the payment to each holder of an Allowed Priority Claim of its Pro Rata Share from the Distribution Account as more fully set forth in the Plan.  Holders of Allowed Priority Claims who have affirmatively accepted the treatment of such claims under the Plan shall receive the treatment outlined in the Plan.  Holders of Allowed Priority Non-Tax or Tax Claims who did not consent to the treatment set forth in the Plan ("Non-Consenting Priority Holders") shall receive a Cash distribution, equal to the full amount of their Allowed Priority Claim, in accordance with section 1129(a)(9) of the Bankruptcy Code on the Effective Date or as reasonably practicable thereafter.

BB.    Acceptance of at Least One Impaired Class of Claims (11 U.S.C. § 1129(a)(10)). Class 2 has voted to accept the Plan, and has accepted the Plan in the requisite numbers and amounts without the need to include any acceptance of the Plan by any insider, thus satisfying section 1129(a)(10) of the Bankruptcy Code.

CC.    Feasibility (11 U.S.C. § 1129(a)(11)).  The Debtors have demonstrated that they are in control of sufficient cash with which to make all of the payments required to be made by the Liquidation Trustee on the Effective Date.  To the extent that additional funds are required to make distributions to Non-Consenting Administrative Holders and Non-Consenting Priority Holders, Herrick, Feinstein LLP and/or Angel & Frankel, P.C., chapter 11 counsel to the

HF 6003809v.11 #12807/0001

Debtors, and Blank Rome LLP, counsel to the official committee of unsecured creditors, have each agreed to waive the distribution of the necessary portion of their respective Allowed Administrative Claims, on a 50-50 basis, to ensure that any and all distributions to Non-Consenting Administrative Holders and Non-Consenting Priority Holders are made on the Effective Date or as reasonably practicable thereafter.  As the Plan and Liquidation Trust Agreement provide for the liquidation of all of the Debtors' remaining assets, Confirmation cannot be followed by any liquidation other than as described by the Plan and the Liquidation Trust Agreement, nor would Confirmation be followed by the need for further reorganization. The Plan, therefore, complies with section 1129(a)(11) of the Bankruptcy Code.

DD.     Payment of Certain Fees (11 U.S.C. § 1129(a)(12)).  All fees payable on or before the Effective Date under 28 U.S.C. § 1930 either have been paid or will be paid on the Effective Date pursuant to Section 2.05 of the Plan.  Accordingly, the Plan satisfies section 1129(a)(12) of the Bankruptcy Code.

EE.     Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)).  The Debtors do not currently have any liability to pay "retiree benefits" as that term is defined under section 1114(a) of the Bankruptcy Code. On December 11, 2003, the Court entered a So-Ordered Stipulation (Docket No. 630) which relieved the Debtors of the responsibility to pay retiree benefits to their salaried employees after the sale of their businesses.  Further, on September 27, 2005, the Debtors' pension plan was terminated by the PBGC effective as of December 24, 2003 and the PBGC was appointed trustee of the Plan.  The Debtors' former employees now look to the PBGC for payment of their retiree benefits. In addition, in conjunction with the Sale, the Purchaser assumed certain obligations of the Debtors' retirees.  Accordingly, section 1129(a)(13) of the Bankruptcy Code is not applicable.

HF 6003809v.11 #12807/0001

FF.     Section 1129(a)(14) and (15)—Postpetition Domestic Support Obligations and Disposable Income.  Sections 1129(a)(14) and (15) of the Bankruptcy Code impose certain requirements on individual chapter 11 debtors.  Each of the Debtors is a corporation. Accordingly, sections 1129(a)(14) and (15) of the Bankruptcy Code are not implicated by the Plan.

GG.     Section 1129(a)(16)—Transfers of Property by Nonprofit Entities.  Section 1129(a)(16) of the Bankruptcy Code imposes certain requirements on corporations or trusts that are not a moneyed, business or commercial corporation or trust.  Each of the Debtors is a moneyed, business or commercial corporation.  Accordingly, section 1129(a)(16) of the Bankruptcy Code is not implicated by the Plan.

HH.     Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b)).  As described above, the Plan satisfies all of the applicable requirements of section 1129(a) of the Bankruptcy Code other than section 1129(a)(8).  Pursuant to section 1129(b)(1) of the Bankruptcy Code, the Plan may be confirmed notwithstanding the fact that Class 3, the Impaired Class, has not accepted the Plan.  Class 3, the only Impaired Class other than Class 2, was deemed to reject the Plan.  With respect to Class 3, no holders of Equity Interests will receive or retain any property under the Plan.  As demonstrated by the Plan, and the evidence, adduced and presented, the Plan does not discriminate unfairly and is fair and equitable with respect to Class 3, the non-accepting Impaired Class. There are no interests which are junior to Equity Interests. Further, in a Chapter 7 liquidation, there would be no property available for distribution to Equity Interests.  Accordingly, the requirements of section 1129(b)(1) and 1129(b)(2)(C) are satisfied, the Plan is fair and equitable with respect to Class 3, and the Plan does not unfairly discriminate against such Class.

HF 6003809v.11 #12807/0001

II.     No Other Plan (11 U.S.C. § 1129(c)).    No other plan of reorganization or liquidation has been prosecuted in these Chapter 11 Cases.    Accordingly, the requirement of section 1129(c) of the Bankruptcy Code has been met.

JJ.     No Avoidance of Taxes or Avoidance of Application of Securities Act (11 U.S.C. § 1129(d))    The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, and no governmental unit has objected to confirmation of the Plan on such grounds.    Accordingly the Plan satisfies the requirements of section 1129(a) of the Bankruptcy Code.

KK.     Good Faith Solicitation (11 U.S.C. § 1125(e)).    Based upon the record before the Court, the Debtors solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and they, along with all entities who assisted the solicitation, are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpatory and injunctive provisions set forth in the Plan.

LL.     Implementation of the Plan.    All documents necessary to implement the Plan and Liquidation Trust, and all other relevant and necessary documents, shall, upon execution, be valid, binding and enforceable agreements in accordance with their terms, and not be in conflict with any federal or state law.

MM.     Plan Transfers.    All transfers of property by the Debtors to the Liquidation Trust are transfers under the Plan and are, therefore, free from the imposition of taxes of the kind specified in section 1146(a) of the Bankruptcy Code.

NN.     Retention of Jurisdiction.    The Court may properly retain jurisdiction over the matters set forth in Article XIII of the Plan and as may be provided elsewhere in this Order.

HF 6003809v.11 #12807/0001

# **ORDER**

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, DECREED AND DETERMINED THAT,

1.      <u>Incorporation</u>.  To the extent applicable, based on the context, the foregoing Findings of Fact and Conclusions of Law are incorporated by reference as decretal paragraphs of this Order and *vice versa*.

2.      <u>Confirmation</u>.  The Plan is approved and confirmed under section 1129 of the Bankruptcy Code.  The PBGC Objection and the Glencore Objection are deemed withdrawn. All other objections to the Plan not heretofore withdrawn or resolved as set forth on the record at the Confirmation Hearing are overruled in their entirety.  The Debtors and the Liquidation Trustee are hereby  authorized to take all steps necessary to effectuate consummation of the Plan and the contemplated distributions therein pursuant to the Plan.

3.      <u>Treatment of Administrative Expense Claims</u>.  Holders of Allowed Administrative Expense Claims who have affirmatively accepted the treatment set forth in the Plan shall receive the applicable Cash distribution, utilizing the Administrative Expense Claim Distribution Method, that such claims are afforded in the Plan.  Non-Consenting Administrative Holders shall be receive a Cash distribution in the full amount of their Allowed Administrative Expense Claims, in accordance with section 1129(a)(9) of the Bankruptcy Code, on the Effective Date or as soon as reasonably practicable thereafter.

4.      <u>Treatment of Priority Claims</u>.  Holders of Allowed Priority Claims who have affirmatively accepted the treatment set forth in the Plan shall receive the applicable Cash distribution afforded in the Plan.   Non-Consenting Priority Holders shall receive a Cash

HF 6003809v.11 #12807/0001

distribution in accordance with section 1129(a)(9) of the Bankruptcy Code on the Effective Date or as soon as reasonably practicable thereafter.

5.    <u>Provisions of Plan and Order Nonseverable and Mutually Dependent</u>.    The provisions of the Plan and this Order are nonseverable and mutually dependent.

<u>Liquidation Trust</u>.

6.    The Liquidation Trust Agreement between the Debtors and the Liquidation Trustee, substantially in the form previously filed in these Chapter 11 Cases, is hereby approved. The Liquidation Trust shall operate under the provisions of the Liquidation Trust Agreement from and after the Effective Date. The powers, authority, responsibilities and duties of the Liquidation Trust and the Liquidation Trustee are set forth and will be governed by the Liquidation Trust Agreement.  Upon the occurrence of the Effective Date, the Liquidation Trust shall have all powers, rights, duties and protections afforded the Liquidation Trust under the Plan.  Pursuant to the terms and provisions of and, <u>except</u> as otherwise may be provided in the Plan, the Liquidation Trust shall (i) make the Distributions contemplated under the Plan, this Order, or any other relevant Final Order of this Court, and (ii) perform any other act or task that is or may be delegated to the Liquidation Trust under the Plan.

7.    Notwithstanding any prohibition of assignability under applicable non-bankruptcy law, on the Effective Date, the Debtors shall be deemed to have automatically transferred to the Liquidation Trust all of their right, title and interest in and to the all of their Assets free and clear of all claims, encumbrances, mortgages, deeds of trust, liens, pledges or security interests.  The funding of any of the accounts under the Plan and/or the Liquidation Trust Agreement shall likewise be free and clear of all claims, encumbrances, mortgages, deeds of trust, liens, pledges, or security interests except as otherwise set forth in the Plan or this Order.

HF 6003809v.11 #12807/0001

8.      The Liquidation Trustee and the Debtors are authorized to execute and deliver and are empowered to perform under, consummate and implement, the Liquidation Trust Agreement, together with all additional instruments and documents that may reasonably be necessary or desirable to implement the Liquidation Trust Agreement, and to take all further actions as may be reasonably requested by the Liquidation Trustee for the purpose of assigning, transferring, granting, conveying, conferring or reducing to possession the Liquidation Trust Assets to the Liquidation Trust.

9.      The selection of EisnerAmper LLP as Liquidation Trustee is hereby approved.

10.     The Liquidation Trustee shall be compensated in the manner set forth in and consistent with the Liquidation Trust Agreement.

11.     The Liquidation Trustee shall have all powers, rights, duties and protections afforded to the Liquidation Trustee under the Plan, this Order, the Liquidation Trust Agreement and any other applicable Plan Document.

12.     The Liquidation Trustee shall have the power to administer the assets of the Liquidation Trust in a manner consistent with the Liquidation Trust Agreement and the Liquidation Trustee shall be the estate representative, without limitation, pursuant to section 1123(b)(3) of the Bankruptcy Code, to investigate, prosecute, compromise, settle or otherwise dispose of any and all claims, litigations or causes of action.  Without limiting the generality of the foregoing, the Liquidation Trustee shall (i) hold, administer and prosecute the assets of the Liquidation Trust and any proceeds thereof, (ii) have the power and authority to retain, as an expense of the Liquidation Trust, attorneys, advisors, other professionals and employees as may be appropriate to perform the duties required of the Liquidation Trustee hereunder or in the Liquidation Trust Agreement and to request persons to assist the Liquidation Trustee in the

19

performance of its responsibilities pursuant to the terms of the Plan, (iii) make periodic distributions as provided in the Plan and the Liquidation Trust Agreement, and (iv) provide periodic reports and updates regarding the status of the administration of the Liquidation Trust. The Liquidation Trustee may, but shall not be required to, object to, litigate, settle, compromise, or otherwise address claims relating to Liquidation Trust Assets and duties otherwise contemplated and consistent with the Plan and the Liquidation Trust Agreement.

13.     <u>Implementation</u>.  The Debtors are hereby authorized and directed to execute, file and deliver all documents, necessary and appropriate to implement the Plan and the provisions thereof, including the Liquidation Trust Agreement and other Plan Documents.  Without limiting the generality of the foregoing, the Debtors and their counsel are hereby authorized and directed to release and transfer all funds and related interest held by counsel to the Debtors including funds in the Blackstone Reserve Account to the Liquidation Trustee on the Effective Date or as soon thereafter as is reasonably practicable.

14.     <u>Modifications to Plan</u>.  The Plan may be amended, modified, or supplemented by the Debtors in the manner provided for by section 1127(b) of the Bankruptcy Code or as otherwise permitted by law.  **SMB 3/16/11**  ~~without additional disclosure pursuant to section 1125 of the Bankruptcy Code, except as this Court may otherwise direct.~~  To the extent that the Plan has been modified pursuant to the terms of this Order, those modifications, including without limitation those modifications made by the Administrative Expense Distribution Method are hereby deemed to be non-material modifications to the Plan and are hereby approved  **SMB 3/16/11**  ~~in all respects~~ and all holders of Claims against or Equity Interests in the Debtors that voted in favor of the Plan or consented to their treatment under the Plan are deemed to have

HF 6003809v.11 #12807/0001

accepted the Plan and consented to their treatment under the Plan as amended or modified by this Order.

15.   Substantive Consolidation.  For the reasons stated in the Memorandum of Law, the Statile Affidavit, the Disclosure Statement and on the record at the Confirmation Hearing, these Chapter 11 Cases are hereby substantively consolidated into Case No. 02-14024 (SMB) for all purposes and actions associated with implementation and consummation of the Plan including, without limitation, with respect to the voting and treatment of all Claims and Equity Interests.  On the Effective Date, the caption of this case will be changed to the following:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re                                                              Chapter 11

HH LIQUIDATING CORP, f/k/a                      Case Nos.   02-14024 (SMB)
HORSEHEAD INDUSTRIES, INC.,

                  Confirmed Debtors.
---------------------------------------------------------x

16.   Pursuant to this Order (i) all assets and liabilities of the Debtors will be deemed to be merged, (ii) the obligations of each Debtor will be deemed to be obligations of all Debtors, (iii) any Claims filed or scheduled in connection with any such obligations will be deemed Claims against all Debtors, as substantively consolidated, (iv) all transfers, disbursements and distributions made by any Debtor will be deemed to be made by all of the Debtors, (v) any Debtor's guarantees of the obligations of another Debtor shall be deemed eliminated so that any Claim against a Debtor and any guarantee thereof executed by another Debtor shall be deemed to be one obligation of all Debtors; and (vi) intercompany claims between the Debtors will be eliminated.  Holders of Allowed Claims in each Class shall be entitled to their share of assets

HF 6003809v.11 #12807/0001

available for distribution of such Class without regard to which Debtor was originally liable for such Claim. The substantive consolidation of the Debtors shall not affect or impair any rights, claims or defenses of any of the separate Debtors, all of which shall be vested in the Liquidation Trust as of the Effective Date.

17. <u>Binding Effect</u>. Pursuant to section 1141 of the Bankruptcy Code, effective as of the date of the entry of this Order, except as expressly provided in this Order, the provisions of the Plan (including the Disclosure Statement and the Plan Documents) and the Confirmation Order shall be binding on (i) the Debtors; (ii) the Liquidation Trustee; and (iii) all holders of Claims against and Equity Interests in the Debtors, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted or are receiving distributions under the Plan.

18. <u>Injunction</u>. Except as otherwise expressly provided in the Plan, this Order, or a separate order of the Court, all Entities who have held, hold, or may hold Claims against or Equity Interests in the Debtors which arose before or were held as of the Effective Date, are permanently enjoined, on and after the Effective Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind which would interfere in any way with any Liquidation Trust Assets, Property of the Estate, or the SPM Settlement Proceeds[4], (b) the enforcement, attachment, collection, or recovery of any Liquidation Trust Assets, Property of the Estate, or the SPM Settlement Proceeds by any manner or means of any judgment, award, decree, or order against the Debtors on account of any such Claim or Equity Interest, and/or (c) creating, perfecting, or enforcing any encumbrance of any kind against the Liquidation Trust Assets, Property of the Estate, or the SPM Settlement Proceeds on account of any such Claim or Equity Interest. Such injunction shall extend to successors of the Debtors (including, without

---

[4] The injunctions described in this paragraph assume that the SPM Settlement Proceeds are contributed to the Liquidation Trustee on the Effective Date.

HF 6003809v.11 #12807/0001

limitation, the Liquidation Trust) and their properties and interests in property. Any Person or entity injured by any willful violation of such injunction shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages from the willful violator. However, nothing contained herein shall prohibit the holder of a timely filed proof of claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Claimant of any of the obligations of the Debtors or the Liquidation Trust under the Plan. Furthermore, nothing contained herein or any other provision of the Plan, shall be deemed to constitute or result in a discharge of the Debtors under section 1141(a) of the Bankruptcy Code.

19. <u>Clarification of Injunction</u>. Nothing in the Debtors' bankruptcy cases, this Order, Plan, the Bankruptcy Code (and section 1141 thereof), or any other document filed in the Debtors' Chapter 11 Cases shall in any way be construed to discharge, release, limit, or relieve any party other than the Debtors or the Liquidating Trust, in any capacity, from any liability or responsibility with respect to the New Jersey Zinc Company, Inc. Employees' Pension Plan (the "Pension Plan") or any other defined benefit pension plan under any law, governmental policy, or regulatory provision. PBGC and the Pension Plan shall not be enjoined or precluded from enforcing such liability or responsibility by any of the provisions of the Plan, this Order, Bankruptcy Code, or any other document filed in any Debtors' Chapter 11 Cases. For the avoidance of doubt, the PBGC will be paid in accordance with the Plan by the Liquidation Trustee pursuant to its allowed claims in these Chapter 11 Cases, as set forth herein and in accordance with the Plan.

HF 6003809v.11 #12807/0001

20.    <u>Exculpation and Limitation of Liability</u>.   The Debtors, the Liquidation Trust and all of the Debtors' respective officers, directors, employees, advisors, attorneys, financial advisors, accountants and other professionals past and present, each of Creditors' Committee members, and the Creditors' Committee's counsel, and each of their representatives and agents (including any professionals retained by such Persons or Entities) are exculpated to the full extent of section 1125(e) of the Bankruptcy Code and all applicable case law interpreting such section.

21.    <u>Approval of Settlements</u>.  The PBGC Settlement and the Glencore Settlement are each hereby approved and the Debtors are hereby authorized and directed to take any actions necessary to effectuate the terms of those settlements.

22.    <u>Term of Bankruptcy Injunction or Stays</u>.  All injunctions or stays provided for in these Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code or otherwise in force on the date of the entry of this Order shall remain in full force and effect, to the extent provided by section 362(c).   **SMB 3/16/11**        , until the closing of these Chapter 11 Cases.

23.    <u>Discharge of the Debtors</u>.  The Plan does not discharge the Debtors.

24.    <u>Executory Contracts and Unexpired Leases</u>.   As provided in the Plan, all executory contracts and unexpired leases of the Debtors to which the Debtors are a party and which have not on or before the Confirmation Date been (i) previously rejected by Bankruptcy Court order or by operation of law, or (ii) previously expressly assumed pursuant to an order (including the Sale Order) of the Bankruptcy Court prior to the Confirmation Date are deemed rejected.  No Executory Contracts (including unexpired leases) are being assumed under the Plan and there are no assumption obligations.   Any claim for damages arising by reason of the rejection of any executory contract or unexpired lease must be filed on or before thirty (30) days

24

following the date of service of notice of entry of this Order, and upon the failure of any entity to file such claim on or before such date, such entity shall be forever barred from asserting a claim on account of the rejection of such unexpired lease or executory contract, but shall nevertheless be bound by the provisions of the Plan. Nothing herein will extend any prior Bar Date set by prior order of the Bankruptcy Court.

25. <u>General Authorizations</u>. Pursuant to section 1142(b) of the Bankruptcy Code, (i) the Debtors; (ii) the Liquidation Trustee; and (iii) all other necessary parties are authorized and empowered to execute and deliver any instrument, agreement or document, and perform any act that is necessary, desirable, or required to comply with the terms and conditions of the Plan and consummation of the Plan, and are authorized and empowered, without limitation, to take all actions necessary or appropriate to enter into, implement, and consummate the contracts, instruments, and other agreements or documents created in connection with the Plan.

26. <u>The SPM Settlement</u>. The SPM Settlement, embodied and approved in this Court's order dated December 12, 2003, and further explained in the Disclosure Statement, is to be distributed by the Liquidation Trustee and counsel to the Committee is hereby authorized to release from escrow and turn over the full amount of the SPM Settlement Proceeds, including interest, to the Liquidation Trustee on the Effective Date for separate distribution to the Debtors' general unsecured creditors.

27. <u>Termination of Existing Equity Interests</u>. As of the Effective Date, all existing Equity Interests are hereby terminated.

28. <u>Professional Compensation and Reimbursement Claims</u>. Notwithstanding anything to the contrary set forth in the Plan, each Professional Person retained or requesting compensation in these Chapter 11 Cases (except as otherwise set forth in any prior orders of this

Court with respect to ordinary course professionals) must file an application for allowance of final compensation and reimbursement of expenses in the Chapter 11 Cases on or before sixty (60) days following the service of notice of entry of this Order. **The failure to file timely and serve such fee application shall result in the claim of such Professional Person being forever barred.** All payments for services rendered and reimbursement of expenses incurred by Professional Persons subsequent to the date of entry of this Order shall be paid by the Debtors or Liquidation Trustee subsequent to the Effective Date, in accordance with ordinary business terms and without the need for further Court order.

29. <u>Procedures for Objection to Claims and for Resolving Disputed Claims and Unresolved Claims</u>. The provisions contained in Article IX of the Plan, including without limitation, the provisions governing the procedures for resolving Disputed Claims, are found to be reasonable and are hereby approved.

30. **SMB 3/16/11** ~~Late Filed and Amendments to Claims. Pursuant to section 502(b)(9) of the Bankruptcy Code, any Claim that is not filed on or before the applicable bar date deadline to file such claim shall be Disallowed and expunged in full after notice and a hearing in connection with an objection to the Claim.~~

31. <u>Unclaimed Distributions</u>. In the event that any Distribution to any holder is returned as undeliverable, the Liquidation Trustee shall use reasonable efforts to determine the current address of such holder, but no Distribution to such holder shall be made unless and until the Liquidation Trustee has determined the then current address of such holder, at which time such Distribution shall be made to such holder without interest; provided that such Distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code at the expiration of 90 days from the date of the attempted Distribution. After such dates, all

HF 6003809v.11 #12807/0001

unclaimed distributions shall be maintained in or deposited into the Distribution Account, and the Claim of any holder shall be forever barred.

32.     <u>Payment of Fees</u>.  All fees payable by the Debtors on or before the Effective Date pursuant to 28 U.S.C. § 1930 shall be paid by the Debtors on or before the Effective Date and all such fees payable thereafter shall be paid by the Liquidating Trustee.

33.     <u>Retention of Jurisdiction</u>.  Pursuant to sections 1334 and 157 of title 28 of the United States Code, the Bankruptcy Court shall retain and have exclusive jurisdiction of all matters arising in, arising under, and related to the Chapter 11 Cases and this Plan pursuant to, and for the purpose of sections 105(a) and 1142 of the Bankruptcy Code and for, among other things, the following purposes:

(i)     To hear and determine pending applications for the assumption or rejection of executory contracts or unexpired leases pending on or after the Confirmation Date and the allowance of Claims resulting therefrom;

(ii)     To hear and determine any and all adversary proceedings, applications, and contested matters, including any remands of appeals, pending on the Effective Date;

(iii)     To ensure that Distributions to holders of Allowed Claims are accomplished as provided by the Plan;

(iv)     To resolve disputes as to the ownership of any Claim;

(v)     To hear and determine any dispute relating to the liquidation, collections or distributions to the Liquidation Trust Assets;

(vi)     To hear and determine any timely objections to or applications concerning Claims or the allowance, classification, priority, compromise, estimation, or payment of any Claim;

HF 6003809v.11 #12807/0001

(vii)     To enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified, reversed, or vacated;

(viii)     To enter and implement such orders as may be necessary or appropriate to execute, interpret, implement, consummate, or enforce the Plan and the transactions contemplated thereunder;

(ix)     To consider any modification of the Plan pursuant to section 1127 of the Bankruptcy Code, to cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, this Order;

(x)     To hear and determine applications for compensation and reimbursement of expenses of Professional Persons under sections 330, 331 and 503(b) of the Bankruptcy Code;

(xi)     To hear and determine disputes arising in connection with the execution, interpretation, implementation, consummation, or enforcement of the Plan;

(xii)     To hear and determine any issue for which the Plan requires a Final Order of the Court;

(xiii)     To enter and implement orders and to take such other actions as may be necessary or appropriate to restrain interference by any Person or Entity with the consummation or implementation of the Plan, including, without limitation, to issue, administer, and enforce injunctions, releases, assignments, or indemnity obligations contained in the Plan and this Order;

(xiv)     To hear and determine motions seeking a compromise, settlement, release, or abandonment of any Claim or cause of action arising on or before the Effective Date by or against the Debtors;

(xv)     To recover all assets of the Debtors and property of the Estates, wherever located;

HF 6003809v.11 #12807/0001

(xvi)     To adjudicate all causes of action available to the Estates as of the Confirmation Date, including but not limited to finalizing the collection of default judgments related to Avoidance Actions;

(xvii)    To hear and determine matters concerning state, local, and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code;

(xviii)   To hear and determine any other matter not inconsistent with the Bankruptcy Code and title 28 of the United States Code that may arise in connection with or related to the Plan; and

(xix)     To enter a final decree closing the Chapter 11 Cases.

If the Bankruptcy Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising out of or relating to the Chapter 11 Cases, this Section shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

34.     <u>Acceptance and Execution of Plan Documents</u>.  Each and every federal, state and local governmental agency or department is hereby directed to accept, and lessors and holders of liens are directed to execute, any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Plan and the Plan Documents.

35.     <u>Notice of Entry of Confirmation Order</u>.  On or before the fourteenth (14th) day following the date of entry of this Order, the Debtors shall cause to be served notice of entry of this Order pursuant to Rules 2002(f)(7), 2002(k) and 3020(c) of the Bankruptcy Rules on all creditors, equity security holders, the U.S. Trustee and other parties in interest, by causing a

HF 6003809v.11 #12807/0001

notice of entry of this Order to be delivered to such parties by first class mail, postage prepaid and shall file such notice via the ECF system.

36.     <u>Notice of the Occurrence of the Effective Date</u>.  On or before the fourteenth (14th) day following the occurrence of the Effective Date, the Debtors shall cause to be served notice of the occurrence of the Effective Date on the Office of the United States Trustee, counsel to the Committee and all entities that have filed and served a Notice of Appearance in these Chapter 11 Cases and shall file such notice via the ECF system.

37.     <u>Post Effective Date Notices</u>.  From and after the Effective Date (as opposed to the Confirmation Date referenced in Section 14.16 of the Plan), all notices of appearance and demands for service of process filed with the Court prior to such date shall no longer be effective. No further notices, other than notice of entry of the Confirmation Order shall be required to be sent to such Entities. Any party in interest that requests notice of matters after the Effective Date shall contact respective counsel to the Debtors, the Creditors' Committee or the Liquidation Trustee in accordance with Section 14.13 of the Plan. Furthermore, in the event that no party requests notice, then the reference to "Notice Parties" in the Liquidation Trust Agreement and the obligations of the Liquidation Trustee to send notice to the "Notice Parties" shall be deemed superfluous, unnecessary, and stricken from the Liquidation Trust Agreement. Under such circumstances, the Liquidation Trustee shall file an appropriate motion to establish guidelines for authority to take certain actions under the Liquidation Trust Agreement.

38.     <u>Confirmation Order Controlling</u>.  If there is any direct conflict or inconsistency between the Plan and this Order, or any amplification contained herein of any provision of the Plan, the terms of this Order shall control.  To the extent that any provision of any Plan Document may be in conflict with or inconsistent with any provision of the Plan, the terms of the

HF 6003809v.11 #12807/0001

Plan shall govern and be binding and conclusive so long as such terms do not conflict with this Order in which case the terms of this Order shall control.

39. <u>Applicable Non-Bankruptcy Law</u>. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Order, the Plan and the Plan Documents shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

40. <u>Order Effective</u>. Notwithstanding Bankruptcy Rule 3020(e), this Order shall be effective and enforceable immediately upon entry.

41. <u>Substantial Consummation</u>. On the Effective Date, the Plan shall have been deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

42. <u>References to Plan Provisions</u>. The failure specifically to include or reference any particular provision of the Plan or Disclosure Statement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

43. <u>Headings</u>. Headings utilized herein are for the convenience of reference only, and shall not constitute a part of the Plan or this Order for any other purpose.

Dated: New York, New York
     March 16, 2011

                                      **/s/ STUART M. BERNSTEIN**
                                        HON. STUART M. BERNSTEIN
                                        UNITED STATES BANKRUPTCY JUDGE